# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM HASSAN MILHOUSE, : | |
|    Petitioner, : | |
| : | No. 1:15-CV-00013 |
| v. : | |
| : | (Judge Rambo) |
| WARDEN DAVID EBBERT, : | |
|    Respondent : | |

## MEMORANDUM

**I.  Background**

On August 24, 2016, this Court issued a Memorandum and Order dismissing Petitioner's petition for writ of habeas corpus. (Doc. Nos. 17, 18.) Petitioner subsequently filed a motion to seal on September 6, 2016 (Doc. No. 19), asserting that if this Court's opinion remained publicly available, it could lead other inmates to brand him as a "rat." (Doc. No. 20.) This Court denied Petitioner's motion by Order dated September 7, 2016. (Doc. No. 21.) Petitioner then filed a second motion to seal (Doc. No. 26), which was denied by this Court for the same reasons set forth in the September 7, 2016, Order. (Doc. No. 28.) Petitioner appealed the September 7, 2016, Order which was affirmed by the United States Court of Appeals for the Third Circuit. (Doc. No. 35.)

Petitioner also filed a motion to proceed as a John Doe. (Doc. No. 30.) On December 20, 2016, this Court denied the motion. (Doc. No. 32.) Petitioner

appealed this Order. (Doc. No. 33.) Petitioner then filed a third motion to seal on February 7, 2017 (Doc. No. 36.), which was denied by this Court for the same reasons set forth in its September 7, 2016, Order. (Doc. No. 40.) Petitioner filed an appeal on February 24, 2017. (Doc. No. 41.) On July 10, 2017, the Third Circuit issued an order affirming this Court's denial of Petitioner's motion to proceed as a John Doe and to seal the entire case. (Doc. No. 45.) However, the Third Circuit remanded this case for this Court to consider whether lesser restrictions are appropriate such as redaction or sealing of certain documents. (Id.) In particular, the Third Circuit provided that this Court should consider whether the Government's response (Doc. No. 8), attached Exhibit (Doc. No. 8-1), and this Court's Memorandum (Doc. No. 17), should be redacted or sealed to remove information that may cause serious injury to Petitioner. (Id.)

In accordance with the Third Circuit's remand instructions, this Court ordered supplemental briefing by the parties as to whether the Government's response (Doc. No. 8), the attached Exhibit (Doc. No. 8-1), and this Court's Memorandum (Doc. No. 17), should be redacted or sealed to remove information that may cause serious injury to Petitioner. On August 21, 2017, Respondent filed its supplemental brief (Doc. No. 48) and on October 11, 2017, Petitioner filed his supplemental brief (Doc. No. 51). Accordingly, the issue is ripe for disposition.

## II. Legal Standard

Judicial records, including the filings in court, are subject to a strong common law presumption of public access. In re Cendent Corp., 260 F.3d 183, 192 (3d Cir. 2001); Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993). "The credibility of our system of justice is predicated on the openness of its processes and proceedings." Pugliano v. Grace Holmes, Inc., Civ. No. 11–1562, 2012 WL 1866380, at *1 (W.D. Pa. May 22, 2012); see also United States v. Cianfrani, 573 F.2d 835, 847 (3d Cir. 1978) ("The sixth amendment reflects the traditional Anglo–American distrust for secret trials and is an expression of our belief that the knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power.").

"The party seeking to seal any part of a judicial record bears the heavy burden" of rebutting that presumption. Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quotation marks omitted). In particular, the party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Id. (quotation marks omitted). "Broad allegations of harm,

bereft of specific examples or articulated reasoning, are insufficient." In re Cendant Corp., 260 F.3d at 194.

"[G]enerally, a party wishing to seal documents must demonstrate at least good cause for the sealing." Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd., Civ. No. 09-290, 2013 WL 1674190, at *2 (W.D. Pa. Apr.17, 2013) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." Pansy, 23 F.3d at 786. In weighing the competing interests, the court should consider (1) whether disclosure would violate any privacy interest, (2) whether the information was being sought for a legitimate or improper purpose, (3) whether disclosure would cause a party embarrassment, (4) whether confidentiality was being sought over information important to public health and safety, (5) whether the sharing of information among litigants would promote fairness and efficiency, (6) whether a party benefitting from the order of confidentiality was a public entity or official, and (7) whether the case involves issues important to the public. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 768-791).

However, when the request is to seal an entire record, the Third Circuit has applied a "compelling interests" standard. Carnegie Mellon, 2013 WL 1674190, at *2 (citing Miller, 16 F.3d at 551; Hart v. Tannery, 461 F. App'x 79, 81 (3d Cir. 2012)). In order to seal the record in an ordinary civil case, the Third Circuit has held that the District Court should "articulate[ ] the compelling countervailing interests to be protected, ma[k]e specific findings on the record concerning the effects of disclosure, and provide [ ] an opportunity for interested third parties to be heard." Miller, 16 F.3d at 551.

### III. Discussion

As the Third Circuit affirmed the portion of this Court's December 20, 2017 and February 14, 2017, Orders denying Petitioner's motion to proceed as a John Doe and to seal the entire case (Doc. No. 45), the specific issue currently before this Court on remand is whether lesser restrictions are appropriate such as redacting or sealing the Government's response (Doc. No. 8), attached Exhibit (Doc. No. 8-1), and this Court's Memorandum (Doc. No. 17), to remove information that may cause serious injury to Petitioner. (Doc. No. 46.)

Respondent opposes the sealing or redaction of any documents, contending that the information contained on the docket does not present a threat of serious injury to Petitioner. (Doc. No. 48 at 4.) Even if a threat did exist, Respondent

argues that the threat is not so "clearly defined" as to overcome the public right to access to judicial proceedings and records." (Id.) While Petitioner seeks to seal these records because he divulged the name of a fellow inmate who purportedly wanted to "kill staff," and now fears for his safety because this specific inmate he blamed could learn the information from the Electronic Law Library ("ELL"), Respondent counters that Petitioner has since been transferred to a different facility from the facility the inmate he blamed is housed. (Id. at 5.) Moreover, Respondent argues that more than two years have passed since the publication of the information Petitioner seeks to be sealed, and Petitioner has not presented any evidence of an active threat or risk of harm. (Id.)

Initially, the Court notes that when Petitioner elected to file this action, he was acutely aware of his own safety concerns related to naming and blaming a fellow inmate for his misconduct, demonstrated by the filing of this very action. (Doc. No. 1 at 10.)[1] Petitioner initiated this action without expressing any safety or security concerns or seeking the sealing of these proceedings at the start.

Moreover, the Court does not find that Petitioner has met his heavy burden of showing that the disclosure of these particular records will work a clearly defined and serious injury. Indeed, Petitioner has filed this action nearly three

---
[1] Petitioner attached his Administrative Remedy Appeal to his instant petition wherein he explicitly names the former inmate he blamed for the misconduct he received. Yet, Petitioner did not seek to seal this portion of the record.

years ago wherein Petitioner initially disclosed the name of the inmate he blamed, and Respondent's response to the petition (Doc. Nos. 8 and 8-1) and this Court's August 24, 2016 Memorandum (Doc. No. 17), have presumably been accessible to inmates for over two years, yet Petitioner has not articulated any specific injury or threat of danger presented to himself. (Doc. No. 48 at 4; Ex. 1 at ¶ 4.) "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." In re Cendant Corp., 260 F.3d at 194. Even more, Petitioner is no longer housed in the same facility as the inmate he blamed in his misconduct. Petitioner neither presents any specific examples nor articulates any instances of harm he faces at his new institution as a result of these documents. Accordingly, the broad threat of harm from this particular former inmate has been rendered moot given Petitioner's transfer.

The Court cannot conclude that there is an overriding interest to seal or redact the Government's response (Doc. Nos. 8 and 8-1) or this Court's Memorandum (Doc. No. 17), to overcome the strong presumption of public access. As explained above, these documents have been in the public forum for two-and-a-half to three years. In that time, Petitioner has not alleged any specific examples of any danger presented to himself, other than a broad allegation that he fears for his

safety because of a statement he gave in a disciplinary hearing.[2] Moreover, these incidents allegedly took place while Petitioner was housed at USP-Lewisburg. Petitioner has since been transferred from this institution and notably, away from his former inmate he blamed in his misconduct. Accordingly, the Court finds that the documents Petitioner seeks sealed or redacted have not and do not, present a threat of serious injury to him, and that Petitioner has failed to demonstrate a threat that is "clearly defined" as to overcome the public right of access to judicial proceedings and records. Accordingly, the Court will deny Petitioner's motion to seal or redact these documents.

Dated: November 15, 2017     s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

---

[2] Moreover, the exhibits Petitioner attaches to his supplemental filing appear to be filed in support of his contention that Petitioner was in fear of his life. However, these inmate requests that Petitioner filed reflect that he feared for his life because other inmates were told that he was a "rat and a rapist and a homosexual" at his previous institution. (Doc. No. 41 at 3-8.) Again, there are no specific examples articulated by Petitioner that he was or is presented with any harm or injury or threat of danger at his current institution because of the information contained in Respondent's Response (Doc. Nos. 8 and 8-1) and this Court's Memorandum (Doc. No. 17).