IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KAREEM HASSAN MILHOUSE, | : | |
| :--- | :--- | :--- |
| Petitioner | : | |
| | : | No. 1:15-cv-13 |
| v. | : | |
| | : | (Judge Rambo) |
| DAVID EBBERT, | : | (Magistrate Judge Carlson) |
| Respondent | : | |

# ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On January 5, 2015, *pro se* Petitioner Kareem Hassan Milhouse ("Petitioner"), who is currently incarcerated at the United States Penitentiary in Coleman, Florida ("USP Coleman I"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his due process rights were violated during the course of a prison disciplinary hearing held on September 3, 2014. (Doc. No. 1.) By Memorandum and Order entered on August 24, 2016, the Court denied his § 2241 petition. (Doc. Nos. 17, 18.) On September 6, 2016, Petitioner filed a motion to seal (Doc. No. 19), requesting that the August 24, 2016 Memorandum and Order be placed under seal because information therein had resulted in him being labeled a "rat." On September 7, 2016, the Court denied Petitioner's motion to seal. (Doc. No. 21.) On November 28, 2016, the United States Court of Appeals for the Third Circuit dismissed Petitioner's appeal from the August 24, 2016 Memorandum and Order for failure to prosecute. (Doc. No. 29.)

Petitioner subsequently filed a motion to proceed under a John Doe pseudonym (Doc. No. 30), which the Court denied by Order entered on December 20, 2016 (Doc. No. 32). He then filed a motion to seal the entire case (Doc. No. 36), which the Court denied on February 14, 2017 (Doc. No. 40). Petitioner appealed. On May 4, 2017, the Third Circuit affirmed the denial of Petitioner's motion to proceed as a John Doe and motion to seal the entire case but remanded the matter for the Court to consider whether "lesser restrictions are appropriate such as redaction or sealing of certain documents." (Doc. No. 45.)

Upon remand, the Court directed the parties to submit supplemental briefing addressing whether the Government's response and attached exhibit (Doc. No. 8) and the Court's August 24, 2016 Memorandum (Doc. No. 17) should be redacted or sealed to remove any information that may cause serious injury to Petitioner. (Doc. No. 46.) The parties submitted their briefs (Doc. Nos. 48, 51), and by Memorandum and Order entered on November 15, 2017, the Court again denied Petitioner's motion to seal. (Doc. Nos. 52, 53.) The Court concluded that Petitioner had not met his burden of demonstrating that the disclosure of records related to his naming and blaming of a fellow inmate for his misconduct would work a "clearly defined and serious injury" because such records had presumably been accessible for over two (2) years yet Petitioner had "not articulated any specific injury or threat of danger presented to himself." (Doc. No. 52 at 6-7.) Moreover, at that time, Petitioner was

"no longer housed in the same facility as the inmate he blamed in his misconduct." (*Id.* at 7.)

On August 20, 2018, Petitioner filed a notice of appeal of the Court's November 15, 2017 Memorandum and Order (Doc. No. 54) and also filed a motion for relief from judgment (Doc. No. 55) and brief in support thereof (Doc. No. 56). In his motion, Petitioner asserted that sealing and/or redaction was necessary because the potentially harmful information was available through legal databases and that he would be potentially subjected to a physical confrontation if his cellmate saw the information. (Doc. No. 56.) He also maintained that he had been assaulted on December 18, 2014, August 5, 2015, and November 17, 2015 because of "information of this nature." (*Id.* at 2.) On January 10, 2019, the Third Circuit dismissed Petitioner's appeal for lack of jurisdiction. (Doc. No. 58.) On January 28, 2019, Magistrate Judge Carlson entered an Order denying Petitioner's motion for relief from judgment (Doc. No. 60.)

Petitioner filed a notice of appeal of Magistrate Judge Carlson's Order, and the record was transmitted to the Third Circuit. (Doc. No. 61.) On August 16, 2019, the Third Circuit dismissed Petitioner's appeal for lack of appellate jurisdiction. (Doc. No. 63.) Specifically, the Third Circuit noted that Magistrate Judge Carlson's Order was not a final decision because the parties had not expressly consented to proceed before the Magistrate Judge, and there was not a sufficient basis to infer

consent from the parties' conduct. (*Id.*)  The Third Circuit directed this Court to treat Magistrate Judge Carlson's Order as a recommendation and directed the Clerk of this Court to treat the February 4, 2019 notice of appeal from Petitioner as an appeal to the undersigned. (*Id.*)  Thus, this matter is before the Court pursuant to Magistrate Judge Carlson's January 28, 2019 Order (Doc. No. 60), construed as a recommendation to this Court.

When objections are timely filed to a magistrate judge's report and recommendation, the district court must review *de novo* those portions of the report to which objections are made.  28 U.S.C. § 636(c); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).  Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper.  *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted).  Nonetheless, whether timely objections are made or not, the district court may

4

accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Following a review of Magistrate Judge Carlson's recommendation, the Court is satisfied that it contains no clear error. The Court agrees with Magistrate Judge Carlson's notation that "nothing in [Petitioner's] motion identifies any threat to his safety or well-being since November of 2015, two years prior to the [D]istrict [C]ourt's order denying this sealing request." (Doc. No. 60 at 3.) Petitioner simply has not demonstrated sufficient grounds for reconsideration of the denial of his request to seal portions of the record in the above-captioned case.

**AND SO**, on this 29th day of August 2019, upon consideration of the foregoing, **IT IS ORDERED THAT**:

1. Pursuant to the Third Circuit's Order (Doc. No. 63), the Court **CONSTRUES** Magistrate Judge Carlson's January 28, 2019 Order (Doc. No. 60) to be a recommendation to this Court;

2. So construed, the Court **ADOPTS** Magistrate Judge Carlson's recommendation;

3. Petitioner's motion for relief from judgment (Doc. No. 55) is **DENIED**; and

4. The above-captioned case shall remain **CLOSED**.

S/SYLVIA H. RAMBO
United States District Judge
